UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON B. NICHOLAS, | ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:24-cv-02530 (UNA) |
| JOSEPH BIDEN, *et al*., | ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's complaint ("Compl."), ECF No. 1, motion for preliminary injunction ("Mot."), ECF No. 4, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application, and as explained in more detail below, dismiss this case and deny the motion for preliminary injunction because plaintiff has failed to establish subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of Malone, New York, sues the President of the United States, the U.S. Secretary of State, and the U.S. Secretary of Defense, seeking assorted equitable relief, including an order declaring defendants' "provision of weapons and military assistance to Israel" a human rights violation "against the Palestinians in the Gaza Strip," in contravention of the Leahy Laws, and henceforth enjoining Defendants from such provision. *See* Compl. at 8–11, 29–30; Mot. at 3–4.

Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing

is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted).

Even accepting plaintiff's allegations at face value, as it must at this early pleading stage, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), it is unclear what harm, if any, plaintiff himself has sustained because of defendants' alleged actions, and insofar as he raises general grievances about the federal government and its officials, he fails to demonstrate standing to sue. Indeed, "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan v. Defend. of Wildlife*, 504 U.S. 555, 573–74 (1992); *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) (finding that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."); *see also Zoldan v. Gov't of the United States*, No. 22-cv-00084, 2022 WL 227091, at *1 (D.D.C. Jan. 24, 2022) (dismissing for want of subject matter jurisdiction because the plaintiff filed a generalized grievance alleging that the federal government had "funded a terrorist organization."), *aff'd*, No. 22-5027, 2022 WL 880491 (D.C. Cir. Mar. 22, 2022) (per curiam).

Consequently, this case is dismissed for lack of subject matter jurisdiction. Plaintiff's motion for CM/ECF password, ECF No. 3, is denied as moot. A separate order accompanies this memorandum opinion.

Date: October 22, 2024

_____/s/_____
JIA M. COBB
United States District Judge